# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 98-30715

_____

JODY C. SMITH,

Plaintiff-Appellant,

versus

ENSCO OFFSHORE COMPANY, FORMERLY KNOWN AS
ENERGY SERVICE CO., INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1302)

May 18, 1999

Before REAVLEY, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jody C. Smith ("Smith"), a seaman, filed suit against ENSCO Offshore Company ("ENSCO"), claiming that he was injured aboard one of ENSCO's vessels. Smith identified the Jones Act, 46 U.S.C. § 688, and general maritime law as the jurisdictional bases for his complaint. Smith, however, did not explicitly designate his case as an admiralty case under Federal Rule of Civil Procedure 9(h).

In its answer, ENSCO noted that diversity of citizenship existed between the parties, *see* 28 U.S.C. § 1332, and requested a trial by jury. Smith subsequently filed an amended complaint attempting to designate the case as an admiralty case under Rule 9(h), and moved to strike ENSCO's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury demand. The district court dismissed Smith's amended complaint, and granted ENSCO's request for a jury trial. The case proceeded to jury trial, and the jury returned a verdict in favor of ENSCO. Smith timely appealed.

On appeal, Smith argues that the district court erred in dismissing his amended complaint and granting ENSCO's request for a jury trial. According to Smith, he is entitled to a new trial before the bench. ENSCO responds that, because Smith failed to designate his claim as a non-jury action pursuant to Rule 9(h), Smith's claim constituted a civil action and ENSCO had a constitutional right to a trial by jury. We review the district court's decision to proceed with a jury trial *de novo*. *See Stultz v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) ("Questions of law are always reviewed *de novo*.").

In *Teal v. Eagle Fleet, Inc.*, we made clear that "a party need not make a specific reference to Rule 9(h) in order to fall under our admiralty jurisdiction." 933 F.2d 341, 345 (5th Cir. 1991). Although Smith's complaint never "specifically mentioned Rule 9(h)," his complaint did contain "a simple statement asserting admiralty or maritime claims." *Id.* Thus, Smith properly invoked admiralty and maritime jurisdiction. *See id.*; *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983).

Ordinarily, when a case involves admiralty or maritime claims, the plaintiff does not have a right to a jury trial. *See T.N.T. Marine Serv.*, 702 F.2d. at 587 ("[T]here is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim"). Smith, however, also brought his claims under the Jones Act. Smith, therefore, had the option to proceed with either a jury or a bench trial. *See* 46 U.S.C. § 688(a) ("Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury."); *Fitzgerald v. United States Lines*, 374 U.S. 16, 21, 83 S. Ct. 1646, 1650, 10 L. Ed. 2d 720, __ (1963) (holding that, when a plaintiff asserts claims under both the Jones Act and general admiralty law, the plaintiff's Jones Act right to a jury trial extends to his non-Jones Act admiralty claims). This right to a jury trial, however, belonged only to Smith and not to

ENSCO.[1]  *See Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1490 (5th Cir. 1992) (noting that the right to a jury trial under the Jones Act belongs to the seaman-plaintiff and not to the defendant);  *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1215 (5th Cir. 1986) ("[T]he Jones Act gives only the seaman-plaintiff the right to choose a jury trial.").

Smith's original complaint established admiralty and maritime jurisdiction and did not ask for a jury trial.  Smith's amended complaint specifically requested a bench trial.  The district court should have honored Smith's request.  The district court erred in dismissing Smith's amended complaint and in proceeding with a jury trial.  Accordingly, we REVERSE and REMAND for a new trial.

---

[1]  We note that Smith did not allege diversity jurisdiction, and did not choose to pursue his Jones Act claim through the "savings to suitors" clause in a civil action. *See Rachal v. Ingram Corp.*, 795 F.2d 1210, 1214 (5th Cir. 1986) ("When there is diversity jurisdiction in Jones Act cases, both parties have an independent basis for a jury trial if the plaintiff has chosen to pursue his Jones Act claim through the 'savings to suitors' clause in a civil action.").  Thus, contrary to ENSCO's position on appeal, ENSCO does not have a constitutional right to trial by jury.