United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 04-30243

———————————————

SETH A. BECKER,

Plaintiff - Appellee,

versus

TIDEWATER INC., et al.,

Defendants,

TIDEWATER INC.; CLIFFS DRILLING CO.; R&B FALCON DRILLING USA INC.;
TWENTY GRAND OFFSHORE INC.; TIDEWATER MARINE LLC; PENTAL INSURANCE
COMPANY LTD.; CERTAIN UNDERWRITERS AT LLOYDS INSURANCE CO.;
Subscribing to Risk No. LE010620O

Defendants - Appellees,

versus

BAKER HUGHES INC.; BAKER OIL TOOLS INC., a division of Baker Hughes Oilfield
Operations Inc.

Defendants - Appellants.

————————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana, Lafayette
(No. 99-CV-1198)

————————————————————————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

As a result of his horrific injuries suffered aboard the rig *M/V REPUBLIC TIDE*, plaintiff-

appellee Seth Becker filed suit against defendant-appellee Tidewater, Inc., the owner of the rig,

defendant-appellant Baker Hughes, Inc. ("Baker Hughes"), Becker's employer, and defendant-appellee R & B Falcon Drilling USA, the rig's operator. *See Becker v. Tidewater, Inc.*, 335 F.3d 376, 381–86 (5th Cir. 2003) ("*Becker I*") (recounting the factual and procedural history). Becker asserted claims under the Jones Act, under which Becker asked for a jury trial. Becker also brought, in the alternative, claims under the Longshore Harbor Workers' Compensation Act ("LHWCA"), as well as negligence claims under general maritime law. The jury found that Becker was a seaman and subsequently reached a verdict in his favor for $43 million in damages for violation of the Jones Act. On appeal, a panel of this Circuit ruled that Becker was not a seaman and thus could have no remedy under the Jones Act, reversing and remanding for further proceedings regarding only the LHWCA and negligence claims. *Id.* at 393. On remand, the district court granted Becker leave to amend his complaint and "reassert" a Rule 9(h) declaration, under which he asked for a bench trial for his remaining claims. Baker Hughes objects, and has filed this interlocutory appeal. We review the district court's order for abuse of discretion. *See* Fed. R. Civ. P. 39; *Hernandez v. Hill Country Tel. Co-op., Inc.*, 849 F.2d 139, 144–45 (5th Cir. 1988).

Baker Hughes has no right to a jury trial. Becker's post-*Becker I* LHWCA and negligence claims do not alter the historical exclusion of jury trials for admiralty suits. Importantly, Becker never asserted diversity jurisdiction, or any other basis of jurisdiction which would provide Baker Hughes a right to a jury trial under the Seventh Amendment. *See Rachal v. Ingram Corp.*, 795 F.2d 1210, 1216 (5th Cir. 1986). Despite Baker Hughes's rhetoric that because factual diversity exists the right to a jury trial vests in Baker Hughes, it is well settled that the plaintiff is master of his complaint, and Becker has the exclusive power to invoke diversity jurisdiction. *See, e.g.*, *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). By failing to do so, the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction. Thus,

Baker Hughes has no constitutionally or statutorily based right to a jury trial, and Baker Hughes cannot use the Federal Rules to create such a right where one does not already exist. FED. R. CIV. P. 38(e) ("These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim.").

In *Becker I*, this Court provided for the scope of the proceedings on remand:

> [T]he district court must reevaluate plaintiff's claims in light of the rights and remedies available to LHWCA plaintiffs with respect to both liability and damages.

335 F.3d at 393. Simply put, this Court did not require a jury trial for *Becker II*, and the district court did not abuse its discretion in refusing to provide one where none of Becker's available claims post-*Becker I* provided such a right.

Finally, Baker Hughes conclusionally alleges, for the first time on appeal, that the district judge displayed prejudice in favor of Becker, urging that if a bench trial is to be held, the case should be transferred to another district judge. Apparently at the request of the parties, the district judge appears to have mediated the settlement conference,[1] in the course of which he would have gained significant knowledge of the parties' settlement positions. When the settlement negotiations failed, the judge was faced with the possibility of also becoming the trier of fact. Indeed, it was eminently reasonable to expect such an occurrence—had the jury found Becker to be a longshoreman rather than a seaman, the judge would have been the fact finder in a non-jury trial. This role would have been inappropriate given his discrete knowledge of the parties' evaluation of their respective financial positions on settlement. After that possibility materialized, he should have been recused, either by offering to do so *sua sponte* or by granting a recusal motion filed by a party. *See, e.g.*, *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1413 n.10 (5th Cir. 1995) (noting that the district court judge recused

---

[1] *See* Hearing Transcripts, No. 99-CV-1198 (October 11, 2001).

himself in similar circumstances); *Tucker by Tucker v. Calloway County Bd. of Educ.*, 136 F.3d 495, 503 (6th Cir. 1998) (same). However, we have no power to review Baker Hughes's argument because it failed to raise the issue below, let alone meet the stringent procedural requirements set forth in 28 U.S.C. § 144. *See also Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004) ("Arguments not raised in the district court cannot be asserted for the first time on appeal.") (quoting *In re Liljeber Enters., Inc.*, 304 F.3d 410, 427 n.29 (5th Cir. 2002)).

The decision of the district court is AFFIRMED.