United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-30433
_____

STANLEY KELVIN EUBANKS,

Plaintiff - Appellee,

versus

NOBLE OFFSHORE CORPORATION; ET AL.,

Defendants,

NOBLE DRILLING (U.S.) INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 2:03-CV-2122

_____

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Stanley Eubanks brought a negligence action against Noble Drilling (U.S.) Inc. ("Noble") for injuries he sustained while working as a seaman on the NOBLE MAX SMITH, a mobile offshore drilling unit. The district court entered judgment in favor of Eubanks. Finding no reversible error or clear error, we AFFIRM.

I.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On January 23, 2002, Eubanks sustained injuries when he stepped on a large coil of rope to retrieve from storage a "shore power flange", a device used in emergencies to pump water for firefighting equipment. As Eubanks stepped on the coil of rope, the rope rolled and Eubanks fell, injuring himself. Eubanks sued Noble, alleging negligence under the Jones Act, 46 U.S.C. § 688 et seq., and unseaworthiness under general maritime law.

The district court issued a scheduling order setting November 17, 2003 as the deadline for all pleading amendments and August 16, 2004 as the date of the jury trial. On July 30, 2004, the parties signed a pretrial order, which was entered into the record on August 13, 2004. The pretrial order confirmed: "This is a jury case." The pretrial order stated that it would "control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

One week later, on August 6, 2004, Eubanks moved to designate the litigation as an admiralty or maritime claim under Federal Rule of Civil Procedure 9(h) and to strike the jury demand. Eubanks did not move to amend his original complaint. Noble objected to Eubanks's motion but did not ask for a continuance. Several days later on August 12, the district court granted Eubanks's motion and ordered a bench trial beginning August 16. At trial, the district court ruled in favor of Eubanks. Noble appealed.

Noble argues that the district court abused its discretion by granting, on the eve of trial, Eubanks's motion to designate the litigation as an admiralty or maritime claim and to strike the jury demand. See Rachal v. Ingram Corp., 795 F.2d 1210, 1217 (5th Cir. 1986) ("plaintiff may not be permitted to 'ambush' the defendant by amending shortly before trial"). In granting Eubanks's motion, the district court violated the July 30, 2004 pretrial order because, Noble argues, Eubanks's opposed motion was not necessary to "prevent manifest injustice." Furthermore, according to Noble, the district court violated the scheduling order setting November 17, 2003 as the deadline for all pleading amendments. See Rachal, 795 F.2d at 1217 n.11 (a motion to designate litigation as an admiralty or maritime claim and to strike the jury demand should be treated as a motion to amend the pleadings).

Although there is a very strong argument that the district court erred in its ruling, we find no reversible error in this particular case. Although it opposed the motion, Noble did not request a continuance to cure any possible error. Furthermore, Noble has no right to demand a jury trial. See Rachal, 795 F.2d at 1217. Accordingly, a new trial under different procedural timetables and before the same judge would hardly change the outcome.

Furthermore, we find no clear error in the district court's factual findings. Noble argues the district court was clearly

erroneous in finding that the NOBLE MAX SMITH was unseaworthy, that Noble negligently caused Eubanks's injury, that Eubanks was not contributorily negligent, and that Eubanks was only employable at minimum wage. Noble further argues that the district court applied the incorrect legal standard in finding that Eubanks was not contributorily negligent. We disagree. The district court never reached the issue of whether the NOBLE MAX SMITH was unseaworthy. As to the remaining three findings, we have reviewed the evidence and are not "left with a definite and firm conviction that a mistake has been committed." See Ealy v. Littlejohn, 569 F.2d 219, 229 n.30 (5th Cir. 1978). Furthermore, in making its findings, the district court applied the proper legal standards.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

4