(No. 75447

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
JACK O'MALLEY, Appellant, v. 6323 NORTH
LaCROSSE AVENUE, Appellee.

*Opinion filed March 24, 1994.*

Roland W. Burris, Attorney General, of Springfield,
and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago,
and Renee Goldfarb, Theodore Fotios Burtzos, Randall
Roberts and Sang Won Shim, Assistant State's Attorneys, of counsel), for appellant.

Rhoda Davis Sweeney, of Chicago (Adrian Mendoza,
law student), for appellee.

Tom Leahy, Dennis A. Rendleman and Athena T.
Taite, of Springfield, for *amicus curiae* Illinois State Bar
Association.

JUSTICE HEIPLE delivered the opinion of the
court:

Resolution of this case requires this court to deter-

mine the constitutionality of the Drug Asset Forfei-
ture Procedure Act (Act) (Ill. Rev. Stat. 1991, ch. $56^1/2$,
pars. 1671 through 1684). The circuit court below found
that the Act's denial of a jury trial in forfeiture proceed-
ings violates the Illinois Constitution. We agree and af-
firm.

## BACKGROUND

Claimant, Maritza Varela, and her husband, Carlos,
owned a home located at 6323 North LaCrosse Avenue
in joint tenancy. On September 18, 1991, Carlos was ar-
rested for the possession of 3,140 grams of cocaine result-
ing from a search of their home. On October 7, 1991, the
State filed a complaint for forfeiture of the real prop-
erty located at 6323 North LaCrosse, pursuant to the Il-
linois Controlled Substances Act (Ill. Rev. Stat. 1991, ch.
$56^1/2$, par. 1505). On November 1, 1991, Maritza Varela
filed a verified claim for return of the real property at
6323 North LaCrosse. On November 13, 1991, claimant's
attorney filed her appearance and demanded trial by
jury.

On November 22, 1991, the State filed a motion to
strike the claimant's jury demand on the ground that
(1) it had been waived as a matter of law where the jury
demand was not filed with the claimant's verified
answer to the forfeiture complaint; and (2) the claimant
did not pay the required jury fee as required by statute.

On January 13, 1992, the claimant filed a response
to the State's motion to strike jury demand, wherein
she claimed that her attorney was unable to file an ap-
pearance on November 1, 1991, as she was involved in
an extended Federal trial. Further, when claimant's at-
torney went to the clerk's office at the conclusion of her
Federal trial, she was not able to pay the jury fee
because the clerk's office would not accept it. The clerk's
office informed claimant's attorney to take the appear-
ance and jury demand form to the courtroom on the
23rd floor of the Daley Center. The clerk of the court

room stamped the form and told claimant's attorney to inquire about the filing fee the next time she was in court. The claimant asserted that her attorney had a reasonable excuse for not paying the jury fee, as she was not permitted to pay the clerk's office, and that she was entitled to a jury trial without having to pay a fee where the proceeding is quasi-criminal in its nature.

On June 29, 1992, after a hearing on the State's motion to strike the jury demand, the circuit court denied the State's motion. Subsequently, the State filed a motion to strike the jury demand because the Drug Asset Forfeiture Procedure Act provides that the hearings with respect to all property subject to forfeiture under the Illinois Controlled Substances Act or the Cannabis Control Act must be by the court without a jury. The Drug Asset Forfeiture Procedure Act provides in pertinent part:

"The hearing must be held within 60 days after filing of the answer unless continued for good cause and *must be by the court without a jury.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 56¹/₂, par. 1679(F).

On September 23, 1992, claimant filed a response to the State's motion to strike the jury demand and a motion to declare the Drug Asset Forfeiture Procedure Act unconstitutional. The claimant argued that the Drug Asset Forfeiture Procedure Act violates due process by denying her the right to a jury trial as guaranteed by the Federal and Illinois Constitutions.

On December 31, 1992, the State filed its response to claimant's motion. The State argued that there is no right to a jury trial under the Cannabis Control Act or the Controlled Substances Act where proceedings based on those statutes were unknown at common law.

On January 5, 1993, the circuit court heard arguments by both parties. On March 31, 1993, the circuit court issued a memorandum and order declaring the Drug Asset Forfeiture Procedure Act unconstitutional. The court initially noted that under Illinois case law,

there is no right to trial by jury if the proceeding in question was unknown at common law. The court then reasoned that because *in rem* civil asset forfeiture was an action known at common law at the time of the adoption of the Illinois Constitution, claimants were entitled to jury trials under the Drug Asset Forfeiture Procedure Act. The court ordered that the specific provision of the Act that precludes trial by jury for *in rem* civil asset forfeiture proceedings be excised from the statute.

## APPEAL TO THIS COURT

On appeal to this court, the State argues that, in this State, *in rem* forfeiture cases have been uniformly conducted via a bench trial, and not a jury trial. The State cites several cases in which claimants forfeited contraband related to gaming or gambling without the benefit of a jury trial. *Frost v. People* (1901), 193 Ill. 635; *People v. One Pinball Machine* (1942), 316 Ill. App. 161; *City of Chicago v. Thomson* (1946), 393 Ill. 568; *Weis v. Allman* (1945), 325 Ill. App. 554; *People v. Cattaneo* (1955), 6 Ill. 2d 122.

The State also points to other jurisdictions wherein courts have found that claimants need not be afforded a jury trial in an *in rem* forfeiture proceeding where there is an express legislative mandate requiring that such proceedings be held by the court without a jury. *Swails v. Georgia* (1993), 263 Ga. 276, 431 S.E.2d 101; *In re Forfeiture of $1,159,420* (1992), 194 Mich. App. 134, 486 N.W.2d 326; *In re Forfeiture of 301 Cass Street* (1992), 194 Mich. App. 381, 487 N.W.2d 795; *State v. Morris* (1991), 103 N.C. App. 246, 405 S.E.2d 351.

Finally, the State argues that the circuit court mistakenly relied upon Federal law surrounding *in rem* forfeiture proceedings because the right to jury trials in civil cases under the Illinois Constitution is not as broad as that afforded under the seventh amendment of the Federal Constitution.

## ANALYSIS

The State points out that the jury trial provision of the seventh amendment to the Federal Constitution is inapplicable to the States. (*Wagner Electric Manufacturing Co. v. Lyndon* (1923), 262 U.S. 226, 232, 67 L. Ed. 961, 964, 43 S. Ct. 589, 591.) This principle was enunciated in 1922 in an opinion authored without dissent by Chief Justice Taft. In view of the Supreme Court's recent history of extending most procedural provisions of the Bill of Rights to the States, however, it is open to question whether this ruling will long stand.

Apart from the Federal Constitution, however, virtually all States have their own constitutional civil jury trial guarantees. In Illinois, the right to a trial by jury is guaranteed by article I, section 13, of the Illinois Constitution of 1970, which provides:

"The right of trial by jury as heretofore enjoyed shall remain inviolate." (Ill. Const. 1970, art. I, § 13.)

The right to a trial by jury, however, has been consistently interpreted as inapplicable to special or statutory proceedings unknown to the common law. (*City of Monmouth v. Pollution Control Board* (1974), 57 Ill. 2d 482.) Illinois courts have construed the Illinois constitutional guarantee of a right to trial by jury as adhering to those actions known at common law at the time of the adoption of the Illinois Constitution. (*People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209.) The critical inquiry in the instant case then becomes whether jury trials were provided for in *in rem* forfeiture proceedings at the time the present Illinois Constitution was adopted in 1970.

The scope of this inquiry, however, extends beyond the bounds delineated by this State's case law. At the time Illinois became a State, the legislature adopted the "applicable general common law and most pre-1606 statutes of England, which other States had already adopted, as the rule of decision for Illinois courts." (*People v. Gersch* (1990), 135 Ill. 2d 384.) As a result,

these common law rules and decisions became the basis for all judicial determinations in this State. (*Gersch*, 135 Ill. 2d at 396.) Thus, the more precise inquiry to be made in this case is whether, under English and American practice at the time Illinois' constitution became effective, there existed a right to a jury trial in civil proceedings *in rem* for the enforcement of statutory forfeitures.

Contrary to the State's contention, this exact question has not been addressed by this court. The cases which the State cites, wherein the court denied a jury trial to the claimant, all relate to forfeitures of gaming or betting instruments which are contraband *per se*. Contraband *per se* consists of items which are inherently illegal to possess. There is a vast difference between the forfeiture of contraband *per se* and the forfeiture, by an innocent third party, of legal property—in this case a residence. Thus, the cases cited are inapposite.

While no court in this State has directly addressed this issue, there is persuasive authority in other jurisdictions. In *United States v. One 1976 Mercedes Benz 280S* (7th Cir. 1980), 618 F.2d 453, after a scholarly and exhaustive historical analysis of civil *in rem* forfeiture proceedings, the United States Court of Appeals for the Seventh Circuit found that, as of 1791, the effective date of the Bill of Rights, it was the practice in both England and America to provide for a jury trial in such proceedings. The Seventh Circuit noted that pursuant to section 9 of the Judiciary Act of 1789, if a seizure occurred on land, the trial court sat as a court of common law and the trial was by jury; if the seizure occurred on navigable waters, the court sat as a court of admiralty and trial was by the court. (*One 1976 Mercedes Benz,* 618 F.2d at 459.) That court further noted that under English law before 1791, "seizures not within admiralty jurisdiction were handled by the Court of Exchequer, as a

proceeding at common law, with a trial by jury." (*One 1976 Mercedes Benz*, 618 F.2d at 462.) The Seventh Circuit concluded that it "appears inescapable that both English and American practice prior to 1791 definitely recognized jury trial of *in rem* actions at common law as the established mode of determining the propriety of statutory forfeitures on land for breach of statutory prohibitions." *One 1976 Mercedes Benz*, 618 F.2d at 466.

The Seventh Circuit's conclusion is also well supported by several State supreme court opinions on the issue. See *Commonwealth of Pennsylvania v. One (1) 1984 Z-28 Camaro Coupe* (1992), 530 Pa. 523, 610 A.2d 36; *Medlock v. 1985 Ford F-150 Pick Up* (1992), 308 S.C. 68, 417 S.E.2d 85; *In re Forfeiture of 1978 Chevrolet Van* (Fla. 1986), 493 So. 2d 433 (and cases cited therein); *Commonwealth v. One 1972 Chevrolet Van* (1982), 385 Mass. 198, 431 N.E.2d 209; *People v. One 1941 Chevrolet Coupe* (1951), 37 Cal. 2d 283, 231 P.2d 832.

Given the vintage of the authority cited by the Seventh Circuit and our sister States, we conclude that a right to a jury trial in civil proceedings *in rem* for the enforcement of statutory forfeitures existed prior to the adoption of the Illinois Constitution. In turn, we find that article I, section 13, of the Illinois Constitution preserves this right for the benefit of Illinois citizens. To the extent the State has found contrary authority in some foreign jurisdictions, we decline to adopt their reasoning and join, instead, the majority of States which have found that a jury trial must be made available in civil *in rem* forfeiture cases.

Having determined that claimants in an *in rem* forfeiture proceeding have a constitutional right to a jury trial, it is apparent that the Drug Asset Forfeiture Procedure Act violates that right. Section 9(F) of that Act provides that after a claim has been filed:

"The hearing must be held within 60 days after filing of the answer unless continued for good cause and *must*

*be by the court without a jury*." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 56¹/₂, par. 1679(F)).)

Given the clear and unequivocal language of the statute, we hold that section 9(F) of the Drug Asset Forfeiture Procedure Act unconstitutionally denies the claimant in an *in rem* civil forfeiture the right to a trial by jury.

Because the remainder of the statute is capable of being independently executed, however, we merely excise this invalid section and allow the balance of the Act to stand.

Accordingly, the judgment of the circuit court is affirmed.

*Affirmed.*